UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARLA LIST § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § C.A. No. _____ <br> PLAZAMERICAS MALL TEXAS, LLC § <br> § <br> § <br> Defendant. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1441 and 1446, PlazAmericas Mall Texas, LLC ("PlazAmericas" or "Defendant"), Defendant in Cause No. 2018-83448, *Karla List v. PlazAmericas Mall Texas LLC*, pending in the 125th Judicial District Court of Harris County, Texas (the "State Court Action"), files this Notice of Removal ("Notice") removing the State Court Action to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity jurisdiction. The Notice is based on the following grounds.

### I.  INTRODUCTION

1.1     On November 20, 2018, Karla List ("Plaintiff") filed the State Court Action against PlazAmericas. PlazAmericas was served on November 29, 2018, with Plaintiff's Original Petition and First Set of Discovery.  PlazAmericas files this Notice within the 30-day period required by 28 U.S.C. section 1446(b), and therefore removal is timely.

### II.  BASIS FOR REMOVAL

2.1     28 U.S.C. section 1441(a) provides, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.2   28 U.S.C. section 1332(a) provides, "(a) [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(1)-(2).

2.3   Removal is proper because there is complete diversity between the parties, as PlazAmericas is diverse from the Plaintiff, and so this is an action between "citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff is an individual residing in Texas.[1]  The Defendant is not a citizen of Texas, but instead is a citizen of Maryland and Pennsylvania for purposes of diversity.

2.4   PlazAmericas is a Delaware limited liability company. It has two members, Sharpstown Member LLC and RAIT Sharpstown TRS, LLC. Sharpstown Member and RAIT Sharpstown TRS, LLC, are both Delaware limited liability companies.  Each is owned 100% by RAIT Partnership, L.P., a Delaware limited partnership.  RAIT Partnership L.P. is owned 1% by RAIT General, Inc., and 99% by RAIT Limited, Inc. RAIT General, Inc., and RAIT Limited, Inc., are both Maryland corporations with their principal place of business in Pennsylvania, and both corporations are owned 100% by RAIT Financial Trust.  RAIT Financial Trust is a Maryland real

---

[1] *See* Exhibit A, Index of Matters Filed, at its Exhibit A-3, Plaintiff's Original Petition and First Set of Discovery ("Plaintiff's Original Petition") at its p.1, ¶ 4.

estate investment trust with in its principal place of business in Pennsylvania. Therefore, PlazAmericas is for diversity purposes a citizen of the States of Maryland and the Commonwealth of Pennsylvania.

2.5	Finally, the amount in controversy exceeds $75,000, excluding interest and costs. The Plaintiff seeks monetary relief for "severe injuries," as well as "damages of any kind, penalties, expenses and attorney's fees."[2] Texas law does not permit a plaintiff to plead for a specific damage amount; instead, Rule 47 of the Texas Rules of Civil Procedure requires a statement that a party seeks a pre-defined range of damages .[3] Plaintiff, in her Original Petition, has pleaded she "seeks monetary relief of no more than $100,000, including damages of any kind, penalties, attorney's fees and judgment for all other relief to which Plaintiffs are justly entitled."[4] Stating the range of damages is "no more than $100,000," leaves room for damages in excess of $75,000. Plaintiff then further pleaded "the amount in controversy in this matter does not exceed $75,000."[5]

2.6	"The Fifth Circuit has held the amount of recovery sought may be limited by filing 'a binding stipulation or affidavit *with their complaints.*'"[6] Plaintiff did not file a binding stipulation or affidavit with her petition and failing to do so makes pleaded a damages amount less than

---

[2] *See* Exhibit A-3, Plaintiff's Original Petition, at its p.1, ¶ 3-p.2.

[3] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex.–McAllen Div., Feb. 18, 2016) (holding that the amount in controversy exceeded $75,000 because plaintiff failed to file affidavit regarding amount of damages with petition), *aff'd on other grounds*, *Chavez v. State Farm Lloyds*, No. 17-40861, 2018 WL 3934849 (5th Cir. Aug. 15, 2018).

[4] *See* Exhibit A-3, Plaintiff's Original Petition, at its p.1, ¶ 3.

[5] *See* Exhibit A-3, Plaintiff's Original Petition, at its p.1, ¶ 3.

[6] *Cantu v. Allstate Vehicle*, No. 7:16-CV-084, 2016 WL 1695284, at *2 (S.D. Tex. 2016) (emphasis in original) (holding the amount in controversy exceeds $75,000 because plaintiff filed an insufficient post-removal affidavit swearing that the damages sought were less than $75,000) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

$75,000 ineffective to reduce the amount in controversy below the statutory minimum. Filing such affidavit or stipulation after the case is removed has been deemed "suspect and smacks of legal legerdemain, a practice cited with disapproval by the Fifth Circuit."[7]

2.7 Other courts in the Southern District of Texas have previously held that a "specific demand for less than $75,000," in a state court petition, is a manipulation to avoid federal jurisdiction that cannot be given effect to avoid federal jurisdiction.[8]

2.8 In sum, Plaintiff's mere allegation that "the amount in controversy in this matter does not exceed $75,000," on the face of the petition alone, is insufficient without an accompanying stipulation or affidavit to reduce damages below $75,000 sufficient to come below the amount in controversy for diversity jurisdiction.[9] A sufficient pleading, showing that the amount in controversy is less than $75,000, requires a "*binding stipulation with* their [petition] that they will not accept a sum of damages exceeding $75,0000 to avoid federal diversity jurisdiction–not an *allegation within* their [petition] that they seek only monetary relief of less than $75,000."[10]

---

[7] *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *6 (N.D. Tex. Oct. 28, 2013). *See also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998) (criticizing manipulative tactics by plaintiffs attempting to limit the amount in controversy as a means to avoid federal jurisdiction and removal).

[8] *Chavez*, No. 7:15-CV-487, 2016 WL 641634, at *2.

[9] *See* Exhibit A-3, Plaintiff's Original Petition, at its p.1, ¶ 3.

[10] *Gates Gates v. Allstate Texas Lloyd's*, 267 F.Supp.3d 861, 871 (W.D. Tex. 2016).

4

### III.  THE VENUE REQUIREMENT IS MET

3.1     Venue of this removed action is proper in this Court pursuant to 28 U.S.C. section 1441(a) because the State Court Action was filed in Harris County, Texas, and the United States District Court, Southern District of Texas, Houston Division, embraces the place where that action is pending.

### IV.  FILING OF REMOVAL PAPERS

4.1     Pursuant to 28 U.S.C. section 1446(d), a Notice of Filing Notice of Removal is contemporaneously being given to the adverse party and filed with the District Court of Harris County, Texas, 125th Judicial District Court.

### V.  PAPERS FROM REMOVED ACTION

5.1     Pursuant to 28 U.S.C. section 1446(a) and Local Rule 81, a true and correct copy of all the process, pleadings, orders, and documents from the State Court Action are being filed with this Notice of Removal, attached in *globo* to Exhibit A (Index of Matters Filed).

### VI.  CONCLUSION

6.1     This action is removable because complete diversity exists between the Plaintiff, a citizen of Texas, and the Defendant, who is a citizen of Maryland and Pennsylvania for diversity purposes.  In addition, the amount in controversy is in excess of $75,000. *See* 28 U.S.C. § 1332(a).

6.2     By this Notice of Removal, Defendant does not waive any objections it may have to service, jurisdiction or venue, or any other defenses or objections it may have in this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserve all defenses, motions or pleas.

Dated December 21, 2018

Respectfully submitted,

*/s/ David S. Toy*
**DAVID S. TOY PLLC**
David S. Toy
Texas State Bar No. 24048029 / SDTX ID 588699
1638 Harold Street
Houston, TX 77006
Telephone:     713 289 4930
Facsimile:      713 583 0451
Email:             david.toy@dstpllc.com

**ATTORNEY FOR DEFENDANT,
PLAZAMERICAS MALL TEXAS, LLC**