IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA LIST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-4810 |
| | § | |
| PLAZAMERICAS MALL TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

### I.  Background

This is a slip-and-fall case removed from the 125th Judicial District Court of Harris County, Texas.  Karla List slipped and fell on the premises of PlazAmericas Mall Texas, LLC, located in Houston. (Docket Entry No. 1-1, at 2).  In November 2018, List sued PlazAmericas in state court, asserting negligence and premises-liability claims.  (Docket Entry No. 1, at 1).  PlazAmericas removed on the basis of diversity jurisdiction, List moved for remand, and PlazAmericas responded. (Docket Entry Nos. 1, 5, 7).

The parties agree that they are citizens of different states.  List is a Texas citizen, and PlazAmericas is a citizen of Maryland and Pennsylvania for diversity purposes.[1]  (Docket Entry No. 1).  List contends that the court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000.  (Docket Entry No. 5, at 2).

A defendant has the right to remove a case to federal court when federal subject-matter

---

[1] PlazAmericas is a limited liability company incorporated in Delaware.  It is indirectly controlled by RAIT Financial Trust, a Maryland real estate investment trust with its principal place of business in Pennsylvania. (Docket Entry No. 1 at 2).

jurisdiction exists and the removal procedure is followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768, 774 (S.D. Tex. 2018). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Id.*

A federal court may exercise diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Courts "ordinarily consult the state court petition to determine the amount in controversy." *Manguno*, 276 F.3d at 723. When, as in this case, "the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* "This requirement is met if (1) it is apparent from the facts of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.*

"[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant does so, remand is proper "only if the plaintiff has shown it is legally certain that [her] recovery will not exceed the amount stated in the state complaint." *Id.* This is "not a burden-shifting exercise," and a plaintiff must make all information known in her state-court petition. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). A plaintiff may avoid federal-court jurisdiction by stipulating that she would not accept more than the court's jurisdictional amount. *Id.* at 387–90

(citing *St. Paul Mercury Indem. Co.*, 303 U.S. 283 (1938)). The plaintiff may do so only when, "from the face of the [state-court] pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount that exceeds $75,000." *Id*.

In the state-court petition, List includes the following:

**Statement Regarding Monetary Relief Sought**. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff [is] justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

(Docket Entry No. 1-1, at 5).

Texas Rule of Civil Procedure 47 requires a plaintiff to plead that the damages sought are within the court's jurisdictional limits or within one of five ranges: (1) $100,000 or less, inclusive of costs and attorney's fees; (2) $100,000 or less, exclusive of costs and attorney's fees; (3) between $100,000 and $200,000; (4) more than $200,000 but less than $1,000,000; and (5) more than $1,000,000. TEX. R. CIV. P. 47(b), (c). List alleged in her state-court petition that she was seeking monetary relief of $100,000 or less. Because Rule 47 required List to do so, her petition tracking the Rule language is not enough to show that her claims either exceed or fall below the jurisdictional amount. *Findley v. Allied Fin. Adjusters Conference, Inc.*, No. H-15-2699, 2015 WL 7738077, at *2 (S.D. Tex. Dec. 1, 2015); *see also Salinas v. Allstate Vehicle & Prop. Ins. Co.*, No. 15-cv-434, 2016 WL 8650475, at *2 (S.D. Tex. Sept. 28, 2016).

Removal is proper if the jurisdictional amount is "facially apparent" from a state-court petition. *Manguno*, 276 F.3d at 723. Although the removing party bears the burden of proving the amount in controversy, a court may make "common-sense inferences" about the amount from the

injuries and damages that the plaintiff pleaded. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), the plaintiff in a slip-and-fall case alleged injuries to her wrist, knee, and back. *Id.* at 881. The plaintiff sought medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id.* The Fifth Circuit held that these allegations made it facially apparent that the plaintiff's claimed damages exceeded $75,000. *Id.* at 883–84. Relying on *Gebbia*, in another slip-and-fall case, *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *4 (5th Cir. July 18, 2002), the Fifth Circuit found that a plaintiff's complaint seeking "all . . . damages which are reasonable . . . , including damages for past and future medical expenses, for past and future lost wages and lost earnings capacity, for pain, suffering and mental anguish, for disability[,] and for the loss of life's pleasures," made it facially apparent that the amount in controversy exceeded $75,000.

List alleged in her state-court petition that she "suffered severe injuries," and she asked for "damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees[,] and judgment for all other relief to which [she is] justly entitled," including "exemplary damages . . . and future relief." (Docket Entry No. 1-1, at 5, 6, 8). Punitive damages are "considered in ascertaining the amount in controversy." *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Under Texas law, "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of . . . two times the amount of economic damages; plus . . . an amount equal to any noneconomic damages . . . not to exceed $750,000; or . . . $200,000." TEX. CIV. PRAC. & REM. CODE § 41.008(b). Although List did not specify her injury and medical costs, the damages

she sought made it "facially apparent" that she pleaded more than $75,000. *See also Hernanez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294 (5th Cir. 2011) (per curiam).

List also asked for Level 3 discovery in her state-court petition. Some courts consider the discovery level the plaintiff selected in determining the amount in controversy. *See, e.g.*, *Stantiago v. State Farm Loyds*, No.7:13-cv-83, 2013 WL 1880845, at *3 n.32 (S.D. Tex. May 3, 2013); *Garcia v. Geovera Specialty Ins. Co.*, 7:13-cv-114, 2013 WL 1967799, at *3 n.26 (S.D. Tex. May 10, 2013). Under Texas law, Level 3 discovery is used in complicated cases involving a larger amount in controversy and requiring relatively extensive discovery. *Id.*; TEX. R. CIV. P. 190.4. In contrast, Level 1 discovery under Rule 190.2 applies to cases involving monetary relief of $50,000 or less. TEX. R. CIV. P. 190.2. List's request for a Level 3 discovery schedule supports PlazAmericas's argument that the amount in controversy exceeded $75,000.

Because PlazAmericas has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, remand is proper only if List shows that "from the face of the pleadings, it is apparent, to a legal certainty, that [she] cannot recover the amount claimed." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. List can meet the "legal certainty" requirement by stipulating in her state-court petition that she would not accept more than the jurisdictional amount. *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387–90. To avoid federal jurisdiction, List's stipulation must be binding and enforceable under state law. *See Manguno*, 276 F.3d at 723–24 (the plaintiff's purported waiver of attorney's fees was ineffective under Louisiana Code of Civil Procedure and did not show to a legal certainty an amount in controversy below $75,000); *De Aguilar*, 47 F.3d at 1412 (a stipulation precludes removal only if it binds the plaintiff).

According to List, by pleading that "the amount in controversy in this matter does not exceed

$ 75,000.00," she stipulated that she would not accept an award exceeding that amount. (Docket Entry No. 5 at 5). This pleading is not enough. In Texas, a pleaded statement is a judicial admission, and it is a formal concession or stipulation if made "intentionally as a waiver." *Wright v. Normandy Terrace Health Care & Rehab. Ctr.*, No. 12-cv-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (citing *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001)). Texas courts determine a party's intent to stipulate from the pleading, the surrounding circumstances, and the parties' approach to the issue. *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 311 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Unclear or ambiguous stipulations are disregarded. *Humble Surgical Hosp., LLC v. Davis*, 542 S.W.3d 12, 19 (Tex. App.—Houston [14th Dist.] 2017, pet. filed); *Shepherd v. Ledford*, 926 S.W.2d 405, 410 (Tex. Civ. App.—Fort Worth 1996), *aff'd and remanded*, 962 S.W.2d 28 (Tex. 1998). Although List alleged that "the amount in controversy was no more than $75,000," she did not state that she would not accept any damages award for more. Her pleading was not a clear and unambiguous stipulation showing her intent to waive the right to recover more than $75,000.

In *In re 1994 Exxon Chemical Fire*, 558 F.3d at 389, the Fifth Circuit distinguished between the plaintiffs' allegations that "the amount in controversy did not exceed the jurisdictional amount" and that "the plaintiffs would not accept more than the jurisdictional amount." The Fifth Circuit found that under Louisiana law, the plaintiff must affirmatively waive the right to accept a judgment in excess of the jurisdictional amount for the stipulation to be effective. *Id*. "Because the plaintiff did not stipulate that he would not accept more than the jurisdictional amount, the state court would not be bound by [the $75,000] limit," and the stipulation was ineffective to prevent removal. *Id*. The reasoning applies to List's petition under Texas law as well. *See Richard v. Time Warner Cable*

*Media, Inc.*, 960 F. Supp. 2d 659, 663 (N.D. Tex. 2013) (under Texas law, a plaintiff's unambiguous and affirmative stipulation is enforceable); *cf. Humble Surgical*, 542 S.W.3d at 19 (unclear or ambiguous stipulations are disregarded).

List fails to show, with legal certainty, that her claims would not exceed $75,000.

**V. Conclusion**

List's motion for remand, (Docket Entry No. 5), is denied.

SIGNED on February 7, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge